UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BARRY N., | ) |
|     Plaintiff | ) ) ) ) |
| v. | )    1:22-cv-00050-NT ) |
| KILO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) |
|     Defendant | ) ) |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments, that for a two-year period, Plaintiff was disabled, but that commencing April 23, 2020, Plaintiff regained the functional capacity to perform substantial gainful activity. Defendant, therefore, approved Plaintiff's request for disability benefits from March 13, 2018, through April 22, 2020, but denied Plaintiff's request for benefits from April 23, 2020, through the date of the ALJ's decision. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the November 13, 2020, decision of the Administrative Law Judge. (ALJ Decision, R. 17).[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The parties' central dispute concerns the evolution of the ALJ's assessment of Plaintiff's non-physical abilities and limitations. The ALJ determined Plaintiff's severe impairments included depression, anxiety/panic disorder, post-traumatic stress disorder, and social anxiety disorder. (R. 22.) The ALJ found that from March 23, 2018, through April 22, 2020, Plaintiff was limited to medium work without interaction with the public, was unable to work with coworkers and supervisors without conflict, and would consistently miss at least two days of work each month. (R. 26.) In reaching his conclusion, the ALJ relied principally on the opinion of Gordon Street, Ph.D., Plaintiff's treating psychiatrist. (R. 34.)

The ALJ was not persuaded by Dr. Street's opinion that Plaintiff's inability to work with coworkers and supervisors without conflict continued beyond April 22, 2020. (R. 37-38.) The ALJ also found there were sufficient jobs in the national economy Plaintiff could perform as of April 23, 2020, which jobs included laundry worker, hand packer, and warehouse worker. (R. 39.) The ALJ, therefore, found Plaintiff was disabled from March 23, 2018, through April 22, 2020, but was not disabled as of April 23, 2020,

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

through the date of the decision.

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff contends the ALJ's residual functional capacity (RFC) determination as of April 23, 2020, is not supported by substantial evidence. Plaintiff argues the ALJ impermissibly interpreted raw medical data after rejecting Dr. Street's 2020 opinion.

After review of Dr. Street's September 2018 RFC assessment, the ALJ was persuaded that Plaintiff could not work with coworkers and supervisors without conflict for the claimed period prior to April 23, 2020. (R. 34-35.) Dr. Street maintained the limitation in his September 2020 assessment, but the ALJ found Dr. Street's 2020 assessment to be unpersuasive. (R. 38.) In rejecting Dr. Street's September 2020 assessment, the ALJ did not rely on a more persuasive expert opinion. Instead, he found

Dr. Street's contemporaneous records to be inconsistent with Dr. Street's assessment.

The ALJ viewed Dr. Street's treatment notes as supporting medical improvement. (R. 37.) The ALJ cited treatment notes suggesting that Plaintiff's anger issues had improved. As evidence of Plaintiff's improvement, the ALJ noted Plaintiff's April 23, 2020, statement, evidently referencing the COVID-19 pandemic, that "[t]he end of the world seems to be doing me good," as well as Plaintiff's reports in July 2020 that he was doing well. (R. 36-37.) The ALJ also cited Dr. Street's finding that as of September 2020, Plaintiff no longer met the criteria for post-traumatic stress disorder and that in June 2020, Plaintiff reported not feeling anxious and depressed. (R. 37.) The ALJ not only did not include in Plaintiff's RFC as of April 23 that Plaintiff was unable to work with supervisors and coworkers without conflict, but he specifically found that Plaintiff's mental health impairments were no longer severe as of April 24, 2020. (R. 36.)

To assess a claimant's RFC, an "ALJ must measure the claimant's capabilities, and 'to make that measurement, an expert's RFC evaluation is ordinarily essential unless the extent of functional loss, and its effect on job performance, would be apparent even to a lay person.'" *Manso-Pizzaro*, 76 F.3d at 17 (quoting *Santiago v. Sec'y of Health & Human Servs.*, 944 F.2d 1, 7 (1st Cir. 1991)). An ALJ is not "precluded from rendering common-sense judgments about functional capacity based on medical findings, so long as [the ALJ] does not overstep the bounds of a lay person's competence and render a medical judgment." *Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990). The issue is whether the ALJ's assessment in this case is a supportable common-sense assessment.

Resolution of the issue is informed to some degree by the context in which the ALJ made the assessment. While ordinarily the ALJ's assessment of Plaintiff's self-reports might reasonably be considered a common-sense determination that does not require an expert's assessment, in March/April 2020, life changed dramatically due to the COVID-19 pandemic. Travel was limited, some businesses closed, many people worked remotely, if at all, schools instituted remote learning, and other safety protocols were implemented. Of significance to Plaintiff's case, social distancing became a way of life for many. Plaintiff apparently perceived the COVID-protocols, including the social distancing requirements, to be of some benefit as he reported to Dr. Street on April 23, 2020, that "[t]he end of the world seems to be doing me good." (R. 893.) Insofar as Plaintiff's other statements and activities the ALJ cited to support his finding occurred after April 23 - in May, June, and July 2020 (R. 36-37) - the ALJ evidently placed great significance on Plaintiff's April 23 statement when he found Plaintiff was no longer disabled as of that date.

Plaintiff's April 23 statement suggests that the perceived improvement in Plaintiff's condition at that time was at least in part related to the COVID-protocols and thus the improvement was potentially situational. Whether the improvement the ALJ deduced from Plaintiff's post-April 23 self-reports recounted in Dr. Street's notes was situational (i.e., pandemic-related) or more permanent is also a question. The ALJ's assessment of Plaintiff's reaction when a telephonic appointment with Dr. Street was delayed illustrates the point. Plaintiff was scheduled to confer with Dr. Street by telephone in accordance with the existing pandemic-related protocols. The ALJ reasoned

5

that Plaintiff's rather benign reaction to the delay demonstrated progress in Plaintiff's anger management efforts because Plaintiff had previously "stormed out" of the doctor's office in 2019 when the doctor was late for Plaintiff's appointment. (R. 38.) Plaintiff's reactions could just as likely be explained by the circumstances of each incident. In one instance, Plaintiff traveled to an office, where presumably other patients and office personnel were present, and in the other, Plaintiff was in his home and was not required to be in the presence of or interact with people. The clinical significance of Plaintiff's response to the delayed telephonic appointment and whether under the circumstances it reflects a marked improvement in Plaintiff's condition can reasonably be viewed as requiring more than a layperson's assessment.

Presumably, Dr. Street considered the context of Plaintiff's self-reports when he continued the limitation on Plaintiff's ability to interact with the public, coworkers, and supervisors in 2020. When he afforded considerable weight to some of Plaintiff's statements during his sessions with Dr. Street from April 2020 through July 2020, the ALJ did not discuss whether the COVID-protocols, which limited personal interaction, might have impacted the level of anxiety and overall mental health of an individual who had been found to have difficulty working with others and interacting with the public to a degree that rendered him disabled.

In many cases, an ALJ can assess, without the benefit of an expert opinion, a claimant's statements or activity level and supportably conclude that an impairment has improved such that the claimant has work capacity. Plaintiff's case, however, presents what can fairly be characterized as an unusual circumstance. Plaintiff was deemed

6

disabled due to his inability to work with coworkers and supervisors without conflict and to interact with the public. When limitations on personal interaction were imposed to combat a global pandemic, Plaintiff evidently felt some relief from his anxiety and other related conditions and stressors, which relief was reflected in some of his reports to Dr. Street. The ALJ, with no counter expert evidence, discounted an expert opinion supporting the need for the continued limitation on Plaintiff's ability to work with coworkers and supervisors without conflict. The ALJ concluded that on or about the day Plaintiff reported some improvement in his condition and referenced the pandemic, Plaintiff's condition had improved such that the limitation was no longer necessary, Plaintiff's mental health impairments were no longer severe, and Plaintiff was no longer disabled. In the context of temporary safeguards instituted to protect the public's health during a global pandemic, which safeguards included limitations on personal interaction, the assessment of the clinical significance of Plaintiff's statements to Dr. Street and Dr. Street's findings required expert assistance. That is, under the circumstances in this case, the ALJ could not assess, without an expert opinion, Dr. Street's records and findings, and supportably conclude that Plaintiff's condition had improved such that he was no longer disabled as of April 23, 2020. Accordingly, remand is required.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of February, 2023.